STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUTH WHITTINGTON, WIDOW OF
RALPH WHITTINGTON, DECEASED
Claimant Below, Petitioner**

**vs.)   No. 14-0771** (BOR Appeal No. 2049167)
                          (Claim No. 2012009585)

**EASTERN ASSOCIATED COAL, LLC,
Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Ruth Whittington, widow of Ralph Whittington, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2014, in which the Board affirmed a January 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 13, 2012, decision to deny dependent's benefits based upon the Occupational Pneumoconiosis Board's recommendations. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Whittington, a coal miner for Eastern Associated Coal, LLC, passed away on August 9, 2010, of a respiratory illness. Mr. Whittington was diagnosed with occupational pneumoconiosis in 1980 and was granted a 20% permanent partial disability award. Mrs. Whittington filed an application for dependent's benefits alleging that her husband's death was materially hastened by his exposure to coal mine dust. The final autopsy report was completed by Beatriz Lopes, M.D. She opined that the pathological cause of death was diffuse alveolar

1

disease due to organizing bronchopneumonia. The contributing factors were stated to be interstitial pulmonary fibrosis, diffuse bilateral emphysema, and pulmonary hypertension. The report stated that Mr. Whittington's history of working in a coal mine correlated with the histological findings. The report stated that anthracotic pigment was observed scattered throughout the lung parenchyma. The report provided that the combination of the chronic lung disease, the infectious acute process, and diffuse alveolar damage was most likely the cause of death. On November 28, 2011, P. Raphael Caffrey, M.D., issued a pathology consultation report. Dr. Caffrey stated that findings of the slides of the lungs showed edema, focal petechial hemorrhages, focal fibrin deposition, focal remnants of hyaline membrane, mild focal mononuclear cell infiltrate, interstitial fibrosis, emphysema, and Type II cellular hyperplasia. Dr. Caffrey opined that the slides do not show evidence of occupational pneumoconiosis. Dr. Caffrey stated that there is only a very minimal amount of anthracotic pigment identified in sections from the right lung and he estimated the amount of anthracotic pigment as including less than 1% of lung tissue. Dr. Caffrey agreed Mr. Whittington suffered a respiratory death but it was not materially hastened by occupational pneumoconiosis.

Ms. Whittington provided a March 12, 2012, record review report from Francis H. Y. Green, M.D., a pathologist. Dr. Green stated that the most common cause of obstructive lung disease in the general population is cigarette smoking. Dr. Green stated that in the occupational setting, coal mine dust exposure has been shown in numerous studies to be as potent as cigarette smoking in causing emphysema and chronic bronchitis. Dr. Green stated that Mr. Whittington is accredited with thirty-two years of mining exposure, of which at least fifteen was in underground mining prior to the enactment of the Federal Coal Mine Health and Safety Act of 1969, which reduced exposure limits. Dr. Green stated that the records also indicate Mr. Whittington had smoked cigarettes in the distant past for a period of approximately ten years and had not smoked since 1968. Dr. Green stated that, based on the history and overwhelming evidence of the effect of coal mine dust in causing chronic obstructive pulmonary disease, the majority of Mr. Whittington's emphysema and bronchitis was caused by exposure to coal mine dust. Dr. Green stated that remote cigarette smoking and cardiac disease also contributed to his death but in a minor manner. Dr. Green opined that coal mine dust exposure was the primary factor that contributed to Mr. Whittington's death.

The employer provided a September 7, 2012, record review from Everett F. Oesterling Jr., M.D. Dr. Oesterling stated that there is only limited evidence of anthracotic pigmentation cuffing some of the terminal respiratory bronchioles. However, he noted that it was insufficient for a diagnosis of occupational pneumoconiosis and therefore, would in no way have contributed to, caused, or hastened Mr. Whittington's demise. On September 19, 2012, Ms. Whittington submitted a record review by Donald Rasmussen, M.D. Dr. Rasmussen opined that Mr. Whittington's coal mine dust exposure, which resulted in interstitial fibrosis and occupational pneumoconiosis, was a material, contributing cause of his death. Dr. Rasmussen stated that there is ample evidence that coal mine dust causes interstitial fibrosis. Dr. Rasmussen stated that coal mine dust is retained indefinitely in the lung in contrast to cigarette smoke particles. Dr. Rasmussen stated that this coal mine dust in susceptible individuals continues to exert inflammatory changes which can lead to emphysema but also can lead to interstitial fibrosis. Even though Mr. Whittington had been away from his mining job for many years, according to

2

Dr. Rasmussen, the retained dust continued to cause gradual lung destruction. Dr. Rasmussen opined that Mr. Whittington's occupational pneumoconiosis was a material, contributing cause of his death.

On November 20, 2013, members of the Occupational Pneumoconiosis Board testified in this matter. Jack L. Kinder, M.D., noted that Mr. Whittington was diagnosed with occupational pneumoconiosis in 1988 and was granted a 20% permanent partial disability award. Dr. Kinder testified that he thought Mr. Whittington most likely died from a respiratory cause. Dr. Kinder believed that he had chronic obstructive pulmonary disease and parenchymal disease. Dr. Kinder further opined that Mr. Whittington had some mild alveolar disease. Dr. Kinder stated the reports showed he had a respiratory infection that most likely became very aggressive. Dr. Kinder testified that, according to the autopsy, the final cause of death was diffuse alveolar disease due to organizing bronchopneumonia. Dr. Kinder stated that contributing factors included interstitial pulmonary fibrosis, diffuse bilateral emphysema, and pulmonary hypertension. He believed that a ten pack year history of cigarette smoking was of significance and could have resulted in impairment. He testified that a pathological finding of anthracotic pigment, under any accepted pathologic standard, was not a sufficient finding to justify a diagnosis of occupational pneumoconiosis. Dr. Kinder determined, based on the current record, including the medical records and reports, that occupational pneumoconiosis did not make a material contribution to Mr. Whittington's death.

The employer submitted a report dated April 24, 2013, which consisted of a record review by George Zaldivar, M.D. Dr. Zaldivar stated that, according to his histopathology report, no pneumoconiosis was found by Dr. Oesterling or Dr. Caffrey. Dr. Zaldivar stated that no pneumoconiosis was described by Dr. Lopes, only anthracotic pigment. Dr. Zaldivar stated that based upon the absence of abnormalities, he was skeptical of Dr. Green's report, in which he found definitive macules in the lungs which were missed by the other pathologists. Dr. Zaldivar opined that Mr. Whittington's terminal illness and death was due to pulmonary fibrosis. Dr. Zaldivar stated that this does not have any specific cause of origin. Dr. Zaldivar stated that it is anticipated that an infection might have precipitated it. Dr. Zaldivar opined that Mr. Whittington's former work in the coal mines did not cause or hasten his death.

The Office of Judges determined that occupational pneumoconiosis did not materially contribute to Mr. Whittington's death. The Office of Judges found the Occupational Pneumoconiosis Board's opinion to be persuasive. Dr. Kinder, of the Occupational Pneumoconiosis Board, testified that the anthracotic pigment in Mr. Whittington's lungs was not enough to support a diagnosis of occupational pneumoconiosis. Dr. Kinder further testified that it was his opinion that occupational pneumoconiosis did not make a material contribution to Mr. Whittington's death. Dr. Kinder noted that Mr. Whittington would have died from acute respiratory distress syndrome and multi-system organ failure even if he had not presented with a history of occupational pneumoconiosis. The Office of Judges also noted that Dr. Kinder's opinion was also supported by the opinions of Dr. Zaldivar, Dr. Oesterling, and Dr. Caffery. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. Pursuant to *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991), the correct standard to determine dependent's benefits is "whether the injury or disease contributed in any material degree to the death." Mr. Whittington's death was not materially hastened by occupational pneumoconiosis. The Occupational Pneumoconiosis Board determined, based upon the lung pathology report, that Mr. Whittington did not have enough anthracotic pigment in his lungs to justify a diagnosis of occupational pneumoconiosis. Dr. Kinder also opined, based upon the pathology reports, that occupational pneumoconiosis could not have made any contribution to Mr. Whittington's death because he did not suffer from the condition. Dr. Kinder's opinion is also supported by the consistent opinions of Dr. Zaldivar, Dr. Oesterling, and Dr. Caffrey. Because Mrs. Whittington cannot show that the Occupational Pneumoconiosis Board was wrong in its determination, the Office of Judges and Board of Review were correct in adopting its opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 30, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum